IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW OTTON,

    Petitioner,      No. CIV S-07-1426 FCD EFB P

  vs.

CLAUDE E. FINN, et al.,

    Respondents.    FINDINGS AND RECOMMENDATIONS

_____/

   Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the July 18, 2008, petition in which petitioner challenges a finding that he was not suitable for parole. Respondents move to dismiss this action upon the ground it is untimely. For the reasons explained below, the court finds that the petition is late and respondent's motion to dismiss must be granted.

**I. Procedural History**

   Petitioner is serving a sentence of 25 years to life for his 1984 conviction of murder. On April 14, 2005, a panel of the Board of Prison Terms ("BPT") found that he was not suitable for release to parole. Pet., Ex. A. Petitioner filed an application for habeas relief in the trial court on July 10, 2006, and that court denied relief. *Id.* He then sought habeas relief in the appellate court, which also denied relief. *Id.* Thus, petitioner sought relief from the California Supreme

1    Court.  On May 9, 2007, that court denied relief.  On July 6, 2007, petitioner filed[1] the

2    application pending in this action.

3    **II.  Statute of Limitations**

4             A one-year limitation period for seeking federal habeas relief begins to run from the

5    latest of the date the judgment became final on direct review, the date on which a state-created

6    impediment to filing is removed, the date the United States Supreme Court makes a new rule

7    retroactively applicable to cases on collateral review or the date on which the factual predicate of

8    a claim could have been discovered through the exercise of due diligence.  28 U.S.C.

9    § 2244(d)(1).  This period is tolled while a "properly filed" application for state post-conviction

10   relief is "pending" in the state court.  28 U.S.C. § 2244(d)(2).  In California, a properly filed post

11   conviction application is "pending" during reasonable intervals between a lower court decision

12   and filing a new petition in a higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  Federal

13   courts apply equitable tolling in habeas actions.  A court will equitably toll the limitations period

14   only where "extraordinary circumstances beyond a prisoner's control make it impossible to file a

15   petition on time."  *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.

16   1998)(en banc) *cert. denied*, 526 U.S. 1060 (1999)(quotations and citation omitted).  In other

17   words, "When external forces, rather than a petitioner's lack of diligence, account for the failure

18   to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  *Miles v.*

19   *Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  Petitioner has the burden of establishing the

20   existence of such circumstances.  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

21   **III.  Analysis**

22            Respondent contends that the petition is late regardless of whether petitioner is entitled to

23   statutory tolling.  Petitioner's only argument is that if the court were to examine the record

24

25            [1] The court deems the petition filed the date reflected on the certificate of service.  *See*
     *Houstan v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on
26   the date it was delivered to prison staff for delivery to the court).

closely, it would find that the petition is timely.  Petr's Opp'n, at 1-2.  The threshold and crucial

question here is when the limitation period began to run.  For a challenge to a decision finding a

prisoner unsuitable for parole, the limitation period begins to run the date the factual predicate

for the claims could have been discovered.  *Redd v. McGrath*, 343 F.3d 1077, 1083 (9th Cir.

2003).  Courts ordinarily deem the factual predicate to have been discovered the day the decision

becomes final, i.e., 120 days after the BPT finds a petitioner not suitable for parole.  *See Nelson*

*v. Clark*, No. 1:08-cv-00114, 2008 U.S. Dist. LEXIS 48682, at *7-9, 2008 WL 2509509 (E.D.

Cal. June 23, 2008).  Thus, petitioner is deemed to have been aware of the factual predicate for

his claims August 12, 2005, and the limitation period began to run the following day.  Under this

analysis, petitioner had until August 14, 2006,[2] to file a federal habeas petition.  Absent tolling,

the July 18, 2007, petition is nearly one year late.

        As noted above, petitioner sought state habeas corpus relief.  He filed his first petition

332 days after the BPT decision became final, i.e., July 10, 2006.  Respondent does not challenge

petitioner's entitlement to statutory tolling.  Thus, petitioner had to file his federal habeas

petition no later than 33 days after May 9, 2007, the date the California Supreme Court denied

habeas relief.  Accordingly, petitioner had to file in this court no later than June 11, 2007.

However, he did not file until July 18, 2007.  As respondent notes, the petition is 37 days late.

Respondent's motion must be granted.

**IV.  Conclusion**

        Assuming that petitioner is entitled to statutory tolling for the time he sought habeas

relief in the California courts, his habeas petition is still 37 days late.  Petitioner does not assert

any entitlement to equitable tolling.  Thus, the court finds that the petition is late.  Respondent's

motion must be granted and this action must be dismissed.

---

        [2]  One year from August 12, 2005, is Saturday, August 12, 2006.  Pursuant to the Federal
Rules of Civil Procedure, petitioner could not have filed his federal petition until the following
Monday.  *See* Fed. R. Civ. P. 6(a)(3).

1       Accordingly, it is hereby RECOMMENDED that:

2       1.  Respondent's May 7, 2008, motion to dismiss this action as untimely be granted; and,

3       2.  This action be dismissed.

4       These findings and recommendations are submitted to the United States District Judge

5   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after

6   being served with these findings and recommendations, any party may file written objections

7   with the court and serve a copy on all parties.  Such a document should be captioned "Objections

8   to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

9   specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

10  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11  Dated:  February 25, 2009.

12

13  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26